IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ANTHONY DERRICK DANIELS,**

    Plaintiff,

v.                                                                    Civil Action No. **3:19CV20**

**KATHERINE E. GROOVER,**

    Defendant.

## MEMORANDUM OPINION

Anthony Derrick Daniels, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action. For the reasons that follow, the Court will dismiss the action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A as frivolous and for failure to state a claim upon which relief may be granted.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th

Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Allegations

Daniels's Amended Complaint contains a terse and disjointed statement of his claim against Katherine E. Groover, an Assistant Commonwealth's Attorney in the City of Richmond. (Am. Compl. 2, ECF No. 5.) He labels his claim as "Defective Process & Misconduct" and states as follows:[1]

> Mrs. Katherine Groover specified on Sept. 7, 2018, that she received a letter that was from the plaintiff. Due to the facts, Mrs. Katherine Groover did not inform the court of the evidence that was in the letter (registration of vehicle) clearly shows another party name. The defendant caused the plaintiff to be further detained.

(*Id.* at 4.) Later, in an attachment labeled "Claim Attachment 1A," Daniels states:

> The Plaintiff is now on lawyer #4. The facts of perjury by Ms. Cheatham in preliminary statement areas follows, "she said it was my car." This is my date of arrest 10/14/17 for expired registered vehicle tags. The car is registered to Ms. Cheatham. I have been convicted on these charges in Henrico Traffic Court. The 4 people in the courtroom support the fact of perjury against Ms. Cheatham: 1. Judge 2. Police Officer 3. Court Clerk 4. Lawyer from Henrico Traffic Court. (Have tickets.)

(ECF No. 5–1, at 1.) Daniels requests monetary damages of $400,000. (Compl. 4.)

## III. Analysis

The Court finds it both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Daniels's theory for relief. *See Cochran v. Morris*, 73 F.3d

---

[1] The Court corrects the punctuation, capitalization, spelling, and spacing in quotations from Daniels's submissions. The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system.

1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Prosecutorial immunity bars Daniels's claims against Mrs. Groover for monetary damages. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Buckley*, 509 U.S. at 273; *see also Savage v. Maryland*, 896 F.3d 260, 269 (4th Cir. 2018) (discussing how "duties of the prosecutor in [her] role as advocate for the State involve actions . . . apart from the courtroom"). Here, Daniels demands monetary damages against Mrs. Groover for actions she took in her role as an advocate for the Commonwealth. Thus, Mrs. Groover is entitled to absolute immunity. Accordingly, the Court finds the action is subject to dismissal as frivolous and for failure to state a claim.

4

## IV. Conclusion

The action will be DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 5/16/2019
Richmond, Virginia

5